UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X
SAM JIN WORLD TRADING, Inc.,          :
                                      :
            Plaintiff,                :
                                      :
      -against-                       :
                                      :    09 Civ. 3997 (LMM)
M/V CAP SAN NICOLAS, her engines,     :    MEMORANDUM AND ORDER
boilers, tackle, etc., DASCHER        :
OCEAN CONTAINER LINE, and COMPANIA    :
SUD AMERICANA DE VAPORES S.A.,        :
                                      :
            Defendants.               :
- - - - - - - - - - - - - - - - - -X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/01/2010

McKENNA, D.J.

   Plaintiff Sam Jin World Trading, Inc. ("Sam Jin" or "Plaintiff"), brings this action alleging damage to a shipment of Brazilian yams carried on board the M/V CAP SAN NICOLAS (the "Vessel"), a vessel owned and operated by defendants Dascher Ocean Container Line ("Dascher") and Compania Sud Americana de Vapores ("CSAV")(collectively, "Defendants"). (Compl. ¶ 6.) Defendant CSAV moves for summary judgment in its favor pursuant to Rule 56 of the Federal Rules of Civil Procedure. Defendant Dascher joins in CSAV's motion, but in the alternative seeks indemnity from CSAV.

   For the reasons set forth below, CSAV's motion is GRANTED. Consequently, Dascher's crossclaim for indemnity from CSAV is moot.

COPIES MAILED TO COUNSEL  1 - JUL 2010

## I. Background

On April 26, 2008, Plaintiff Sam Jin loaded a container of yams (the "Container") onto the Vessel in Brazil in order to ship the Container to the United States. (Compl. ¶ 7.) The carriage was arranged pursuant to a CSAV port-to-port bill of lading. (Id.) The bill of lading required that the Container be kept at 15 degrees Celsius and identified the goods as "shipper's load, stow, count and sealed . . . declared clean by shipper." (CSAV Mem. Ex. C.) The bill of lading incorporated the obligations imposed by the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. § 1300. (Id.)

The Vessel arrived at Port Elizabeth on May 2, 2008. (Compl. ¶ 8.) The Container remained on the Vessel until May 4, when it was taken to a terminal and stored until May 6, the day it was discharged to Plaintiff. (Deposition of Kyung Lee ("Lee Dep.") at 30-31, Jan. 20, 2010.) The data retrieved from the Vessel's reefer unit suggests that the thermostatic preferences recorded on the bill of lading were maintained between the time of loading and the time the Container was brought to the terminal on May 4. (CSAV Mem. Ex. D.) There is no record of the temperature between May 4 and May 6, the date of discharge to Plaintiff. (Id.)

On May 9, Plaintiff transported a portion of the yams to some of its customers in a "non-climate-controlled" vehicle.

2

(Lee Dep. at 53-54.)  Some of the customers rejected the yams, and this trend continued over the next several days.  Id. at 55.  On May 15, nine days after discharge of the yams, Plaintiff requested a United States Department of Agriculture (USDA) inspection, which revealed "early stages of decay and discoloration," as well as temperatures of 73 to 79 degrees. (Id. at 57; CSAV Mem. Ex. F.)  Due to the damage, Plaintiff had to dump its entire shipment of yams, and here asserts that Defendants' negligence is responsible for that damage pursuant to the standards established by COGSA.  (Compl. ¶ 11.)

## II. Discussion

A.      Summary Judgment Standard of Review in COGSA Cases

Summary judgment is properly granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The Federal Rules of Civil Procedure mandate the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  When deciding a summary

3

judgment motion, the Court must assess "the evidence in the light most favorable to the party opposing the motion, and resolve ambiguities and draw reasonable inferences against the moving party." Abramson v. Pataki, 278 F.3d 93, 101 (2d Cir. 2002) (internal quotation marks omitted). However, to withstand a motion for summary judgment, the non-moving party must affirmatively set forth facts showing that there is a genuine issue of material fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Id. at 248. Additionally, the dispute over the material fact must be genuine; that is, the evidence must be such that a reasonable jury could return a verdict for the non-moving party. Id.

As noted, COGSA governs the duties of the carrier vis-à-vis the shipper by reason of its incorporation in the bill of lading. To establish a prima facie case of liability under COGSA, Plaintiff must show that the cargo in question, the package of yams, was in good condition when it was turned over to CSAV in Brazil and that the cargo was damaged when it arrived at its destination in Port Elizabeth, New Jersey. See Transatlantic Marine Claims Agency, Inc. v. OOCL Inspiration, 137 F.3d 94, 98 (2d Cir. 1998); Caemint Food, Inc. v.

4

Brasiliero, 647 F.2d 347, 351-52 (2d Cir. 1981). A plaintiff may also satisfy its prima facie case "by proving that the nature of the damage to the cargo indicates that the damage occurred while the cargo was in the carrier's custody." Hershey Foods Corp. v. Waterman S.S. Corp., No. 82 Civ. 0533, 1994 WL 281929, at *3 (S.D.N.Y. June 22, 1994) (citing Kanematsu Gosho Ltd. v. Messiniaki Aigli, 814 F.2d 115, 118 (2d Cir. 1987)).

**B. Plaintiff's Failure to Submit Rule 56.1 Statement**

Local Rule 56.1 was adopted to aid courts in deciding summary judgment motions by quickly identifying disputed material facts. T.Y., K.Y v. New York City Dep't of Educ., 584 F.3d 412, 417-18 (2d Cir. 2009). The rule requires that any motion for summary judgment be accompanied by a list of the "material facts as to which the moving party contends there is no genuine issue to be tried." Loc. Civ. R. 56.1(a). Should the non-moving party wish to contest the assertions contained within a Rule 56.1 statement, the non-moving party must respond to each of the statement's paragraphs and include, if necessary, a statement of the additional material facts that demonstrate a genuine issue for trial. Loc. Civ. R. 56.1(b). Because Plaintiff has failed to submit a response to CSAV's Rule 56.1 Statement, the Court concludes that the

facts asserted in CSAV's statement are uncontested and admissible. Gubitosi v. Kapica, 154 F.3d 30, 31 n.1 (2d Cir. 1998). However, CSAV makes several conclusory points in its statement which are not specifically supported by references to the record. These points are not deemed to be admitted by Plaintiff, even in the absence of Plaintiff's reciprocal statement since Rule 56.1(d) requires that each statement on either side be supported by citation to evidence which would be admissible under the Federal Rules of Civil Procedure. Loc. Civ. R. 56.1(d). Thus, Plaintiff could avoid summary judgment even in the face of its failure to submit its reciprocal statement if evidence sufficient to withstand the motion remains uncontradicted by Defendant's 56.1 Statement. Here, however, the uncontested evidence demonstrates that Plaintiff can not meet its burden.

### C. CSAV's Liability

Plaintiff is unable to offer sufficient evidence of the good condition of the yams at the time of delivery, as well as poor condition at the time of outturn, for a reasonable jury to return a verdict in its favor. Plaintiff contests that the clean bill of lading is proof of good condition at the time of delivery. However, "'a clean bill of lading does not constitute prima facie evidence of the condition of goods

shipped in sealed packages where the carrier is prevented from observing the damaged condition had it existed when the goods were loaded.'" Bally Inc. v. M.V. Zim Am., 22 F.3d 65, 69 (2d Cir. 1994) (quoting Caemint Food, 647 F.2d at 352). Because CSAV did not have an opportunity to observe the goods, the clean bill of lading constitutes insufficient evidence. Id.

The affirmation of supervisor Ednaldo Medeiros, which expresses first-hand knowledge of the good condition of the yams in question before shipment, is unsworn and not submitted under penalty of perjury. (Affirmation of Ednaldo Medeiros ("Medieros Aff.") ¶ 15.) Such affirmations are inadmissible. See J.R.J. Enters. v. M/V CAP ORTEGAL, No. 07 Civ. 6457, 2009 WL 1704273, at *3 (S.D.N.Y. Mar. 31, 2009) (holding that an unsworn and unsigned affidavit was deficient in form); see also Grant v. Cornell University, 87 F. Supp. 2d 153, 160 (N.D.N.Y. 2000) (same). Without this affirmation, the only evidence of the good condition of the yams prior to departure is a random assortment of pictures of unlabeled, healthy yams. In a shipment that consists of thousands of yams, a small sample of pictures will not meet a plaintiff's burden. This District has held that a small sample of evidence will not establish the good condition of the complete shipment. See J.R.J. Enters., 2009 WL 1704273, at *3 (holding that an affidavit, in addition to being deficient in form, did not

7

satisfy the burden of production because the witness could not recall the details of the entire shipment).

Plaintiff is also unable to satisfy its burden to prove that the yams were in poor condition when the ship docked at the point of delivery. Plaintiff rests its case partially on the theory that the yams were damaged in the two-day period in which they were in the custody of CSAV (but no longer on the Vessel), since there are no thermometer readings provided by the Defendant for that period. (Pl.'s Mem. at 8.) It is Plaintiff's burden to produce evidence demonstrating that the damage to the yams occurred while in CSAV's custody, and not during the following period. See Vana Trading Co. v. S.S. Mette Skou, 556 F.2d 100 (2d Cir. 1977). Such proof could be established, for example, by producing evidence that damage was noticed immediately after the carrier's discharge. See, e.g., Siderius, Inc. v. M.V. Amilla, 880 F.2d 662, 664 (2d Cir. 1989) (finding the discovery of rusted cargo at the time the ship's hatches were opened to be sufficient evidence of its poor condition at the time of outturn); cf. Bally, 22 F.3d at 69 ("By proving only that cargo was missing when the container was inventoried several days after arriving, Plaintiff did not rule out the possibility that the goods were pilfered in the period leading up to the inventory check."). However, Plaintiff's admissions make demonstrating that the

damage occurred while in CSAV's custody impossible. Plaintiff admits that as of May 9, three days after the arrival of the ship, a visual inspection of the yams revealed them to be acceptable. (Lee Dep. at 63:18-23.) Plaintiff also admits that "if damage had been noted, a USDA inspection would have been requested." (Id. at 45:16-18.) Plaintiff attempts to circumvent these admissions by introducing an affirmation from a single employee in which the employee declares that he inspected the yams "when they arrived" and noticed damage. (Affirmation of Angel Perez ("Perez Aff.") ¶ 3.) Not only does this contradict evidence that is already deemed admitted and uncontested, but like the Medeiros Affirmation, the Perez Affirmation is unsworn and not submitted under penalty of perjury, and thus inadmissible. Without evidence that the damage occurred in that two-day frame, and not in the following days when Sam Jin was responsible for the yams, Plaintiff has failed to meet its burden.

In the alternative, Plaintiff attempts to satisfy its prima facie case by showing that the very character of the damage to the cargo indicates that the damage occurred while the cargo was in CSAV's custody. See Hershey Foods, 1994 WL 281929, at *3. Plaintiff alleges that the damage to the yams is of the kind that could only have been caused by heat damage. (Pl.'s Mem. 6.) This point is unpersuasive because,

9

even assuming that the particular damage to these yams can only be caused by heat, Plaintiff has not proven that hot conditions were only present while the yams were in CSAV's custody. Without such evidence, it is impossible to infer circumstantially that the heat damage is the fault of the carrier and not the shipper.

Because Sam Jin is unable to make its prima facie case, CSAV's motion for summary judgment is GRANTED. Because the motion is granted, Dascher's motion for indemnity from CSAV is moot.

SO ORDERED.

Dated: June 30, 2010

                                      Lawrence M. McKenna
                                          U.S.D.J.